George Hofmann (10005)
Patrick E. Johnson (10771)
**Cohne Kinghorn, P.C.**
111 East Broadway, 11th Floor
Salt Lake City, Utah 84111
Telephone: (801) 363-4300

*Attorneys for Gil A. Miller, Liquidating Trustee*

### IN THE UNITED STATES BANKRUPTCY COURT
### DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re:<br><br>SORENSON MEDIA, INC.,<br><br>    Debtor. | Bankruptcy No. 18-27740 (WTT)<br><br>Chapter 11 |
| GIL A. MILLER, as Liquidating Trustee of the bankruptcy estate of SORENSON MEDIA, INC.,<br><br>    Plaintiff,<br><br>vs.<br><br>JAZZ BASKETBALL INVESTORS, INC., a Utah corporation, d/b/a THE UTAH JAZZ,<br><br>    Defendant. | **COMPLAINT**<br><br>Adv. Pro. No. 20-_____ |

Gil A. Miller, in his capacity as the liquidating Trustee (the "Trustee" or the "Plaintiff") of the bankruptcy estate of Sorenson Media, Inc. (the "Debtor"), brings this action through counsel against Jazz Basketball Investors, Inc., a Utah corporation, d/b/a The Utah Jazz (the "Defendant"), and for causes of action, alleges as follows:

{00520194.DOCX /}

## NATURE OF THE CASE

1. This Complaint seeks to avoid and recover from the Defendant, or from any other person or entity for whose benefit the transfers were made, all preferential transfers of property made for or on account of an antecedent debt made to or for the benefit of the Defendant by the Debtor during the ninety-day period before the Debtor's bankruptcy filing under Bankruptcy Code §§ 547 and 550. To the extent that the Defendant has filed a proof of claim or has a claim listed on the Debtor's schedules as undisputed, liquidated, and not contingent, or has otherwise requested payment from the Debtor or the Debtor's estate (collectively, the "Claim"), this Complaint is not intended to be, nor should it be construed as, a waiver of the Trustee's right to object to such Claim for any reason, including, but not limited to, Bankruptcy Code § 502(a) through (j) ("Section 502"), and such rights are expressly reserved. Notwithstanding this reservation of rights, certain relief pursuant to Section 502 is sought by the Trustee in this Complaint as stated below.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

3. This matter is a core proceeding pursuant to 28 U.S.C. § 157.

4. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## THE PARTIES

5. On October 16, 2018 (the "Petition Date"), the Debtor filed for bankruptcy relief under Chapter 11 of the U.S. Bankruptcy Code, commencing Bankruptcy Case No. 18-27740 (the "Case") in the U.S. Bankruptcy Court for the District of Utah (the

"Court").

6. On July 2, 2020, the Court entered an order [Dkt. 516] (the "Confirmation Order") confirming the Debtor's Chapter 11 Plan of Liquidation (the "Plan").

7. The "Effective Date" of the Plan was August 3, 2020. Pursuant to the Plan, Gil A. Miller became the Liquidating Trustee of the Debtor's consolidated bankruptcy estate (the "Estate") as of the Effective Date.

8. Pursuant to the Plan and Bankruptcy Code §§ 547, 548, 550 and 1106, Plaintiff is authorized and has standing to pursue this avoidance action.

9. Upon information and belief, the Defendant is a Utah corporation with its principal place of business in Salt Lake County, Utah.

## First Cause of Action
(Preferential Transfer – Bankruptcy Code § 547)

10. The Trustee incorporates by reference all preceding paragraphs of this Complaint.

11. As set forth on Exhibit A attached hereto, which is hereby incorporated by reference as if fully set forth herein, in the ninety (90) days preceding the Petition Date (the "Preference Period") the Defendant received payments from the Debtor in the total amount of $18,414.00 during the Preference Period (the "Preferential Transfer").

12. The Plaintiff is seeking to avoid all of the transfers of an interest of the Debtor's property made by the Debtor within the Preference Period.

13. The Preferential Transfer constitutes a transfer of an interest of the Debtor in property.

14. The Preferential Transfer was made to the Defendant within 90 days

before the Debtor's bankruptcy filing.

15. The Preferential Transfer was to or for the benefit of the Defendant, a creditor of the Debtor.

16. The Preferential Transfer was for or on account of an antecedent debt owed to the Defendant by the Debtor before the Preferential Transfer was made.

17. The Debtor was insolvent at the time the Preferential Transfer was made. The Plaintiff is entitled to the presumption of insolvency for the Preferential Transfer made during the Preference Period pursuant to 11 U.S.C. § 547(f).

18. The Preferential Transfer enabled the Defendant to recover more than it would have received under Chapter 7 of the Bankruptcy Code if the Preferential Transfer had not been made and if the Defendant had received payment of such debt to the extent provided by the applicable provisions of the Bankruptcy Code.

19. By reason of the foregoing, the Preferential Transfer may be avoided as a preference under Bankruptcy Code § 547.

20. During the course of this proceeding the Trustee may learn (through discovery or otherwise) of additional transfers made to the Defendant during the ninety days before the Debtor's bankruptcy filing. It is the Trustee's intention to avoid and recover all transfers made by the Debtor of an interest of the Debtor in property or transfers made by the Debtor for the benefit of the Defendant or any other transferee. The Trustee reserves his right to amend this Complaint to include (i) further information about the Preferential Transfer, (ii) information regarding additional transfers, (iii) revision of the Defendant's name, (iv) additional causes of action including, but not limited to, Sections 542, 544, 545, 548, and 549 of the Bankruptcy Code (collectively,

the "Amendments"), that may become known to the Trustee at any time during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to the filing of the original Complaint in this case.

## Second Cause of Action
(Transferee Liability – Bankruptcy Code § 550)

21.     The Trustee incorporates by reference all preceding paragraphs of this Complaint.

22.     The Defendant was the initial transferee of the Preferential Transfer or the immediate or mediate transferee of such initial transferee or the person for whose benefit the Preferential Transfer was made.

23.     By reason of the foregoing, and pursuant to Bankruptcy Code § 550, the Trustee may recover from the Defendant the Preferential Transfer.

## Third Cause of Action
(Disallowance of all Claims – Bankruptcy Code § 502(d) and (j))

24.     The Trustee incorporates by reference all preceding paragraphs of this Complaint.

25.     The Defendant is an entity from which property is recoverable under Bankruptcy Code § 550.

26.     The Defendant is a transferee of the Preferential Transfer, which is avoidable under Bankruptcy Code § 547.

27.     The Defendant has not paid the amount of the Preferential Transfer, or turned over such property, for which the Defendant is liable under Bankruptcy Code § 550.

28.     Pursuant to Bankruptcy Code § 502, any and all Claims of the Defendant

against the Debtor's estate must be disallowed until such time as the Defendant pays to the Trustee an amount equal to the aggregate amount of the Preferential Transfer, plus interest thereon and costs.

29. Pursuant to Bankruptcy Code § 502(j), any and all Claims of the Defendant, and/or its assignee, against the Debtor's estate previously allowed by the Debtor, must be reconsidered and disallowed until such time as the Defendant pays to the Trustee an amount equal to the aggregate amount of the Preferential Transfer, plus interest thereon and costs.

**WHEREFORE**, the Trustee requests judgment against the Defendant as follows:

1. Avoiding and recovering the Preferential Transfer or its value from the Defendant;

2. Granting judgment in favor of the Trustee and against the Defendant in the amount of $18,414.00.

3. Requiring the Defendant to immediately pay this amount to the Trustee pursuant to Bankruptcy Code § 550.

4. Disallowing any Claims of the Defendant, and/or its assignee, if it refuses to turn over any transfers to the Trustee pursuant to Bankruptcy Code § 502;

5. Awarding pre-judgment interest at the maximum legal rate pursuant to 28 U.S.C. § 1961 to the extent provided by law;

6. Awarding post-judgment interest at the maximum legal rate pursuant to 28 U.S.C. § 1961 from the date of judgment until paid in full; and

7.     For any other relief the Court deems just and proper.

DATED this 16th day of October, 2020.

**COHNE KINGHORN P.C.**

/s/ Patrick E. Johnson
GEORGE HOFMANN
PATRICK E. JOHNSON
*Attorneys for the Liquidating Trustee*

# EXHIBIT A

{00520194.DOCX /} 8

# Sorenson Media, Inc.

**Invoice and Payment Activity  (July 18, 2018 - October 16, 2018)**

**UTAH JAZZ**

| Vendor Name | Date | Payment |
|---|---|---|
| UTAH JAZZ | 8/15/2018 | 18,414.00 |
| **TOTAL** | **$** | **18,414.00** |